BOARD OF TRADE OF CITY OF CHICAGO v. C. B. THOMSON COMMISSION CO. et al.

(Circuit Court, E. D. Wisconsin. October 1, 1900.)

1. EXCHANGES—PROPERTY RIGHT IN MARKET QUOTATIONS.
    A board of trade has a property right in the quotations made upon the transactions of its exchange, as prepared by its officers and agents, until their publication.

2. INJUNCTION—USE OF MARKET QUOTATIONS.
    A preliminary injunction will not be granted on the application of a board of trade restraining the use of its market quotations by others, where the question whether there has been such prior publication of such quotations as to make them public property is in dispute, both as to the facts and their effect, and can only be properly determined on a full hearing.

In Equity. On application for preliminary injunction to restrain the use of market quotations as made on complainant's exchange.

H. S. Robbins and Miller, Noyes & Miller, for complainant.

Wm. Kaumheimer, J. W. Bass, Quarles, Spence & Quarles, and Timlin & Glicksman, for defendants.

SEAMAN, District Judge. The bill, answers, and affidavits filed in this cause present serious questions involving both private rights and interests of the public. The bill rests on the theory that the complainant has a property right in the quotations made upon the transactions of its exchange, and may restrict their use to such parties as conform to its regulations in respect thereto. At common law the right of property of the complainant in its quotations as prepared by its officers and agents until publication is well established, and it is thereby entitled either to withhold entirely from publication, or to make the first publication. Against subsequent publications the common law affords no protection, and it can be obtained only through the statutory copyright. Wheaton v. Peters, 8 Pet. 591, 657, 8 L. Ed. 1055, and 3 Notes on U. S. Reports, 482; Publishing Co. v. Monroe, 38 U. S. App. 410, 415, 19 C. C. A. 429, 73 Fed. 196. That such general rule is applicable to quotations of the class involved in this controversy appears to be clearly upheld in Telegraph Co. v. Gregory [1896] 1 Q. B. 147, and other cases cited; and to the extent as well that giving out the quotations to a limited number of persons for

individual use is not such publication as will defeat the property right. In reference to the quotations of this complainant, however, the supreme court of Illinois held in New York & C. Grain & Stock Exch. v. Board of Trade of City of Chicago, 127 Ill. 153, 19 N. E. 855, 2 L. R. A. 411, that the right of the complainant was qualified by the interests of the public to such extent that, so long as it continued to give out its quotations "either directly or indirectly, it must do so without unjust discrimination as to persons, and must furnish market quotations to all who may desire to obtain them for lawful purposes, and upon the same terms." Subsequently, in the case of Christie-Street Commission Co. against the Board of Trade and Western Union Telegraph Co., on hearing before Judge Tuley, an important decision was rendered on June 19, 1900, whereby the complainant commission company was found to be engaged in the unlawful business of a "bucket shop," and therefore without standing in a court of equity to demand continuance of the market quotations of the board; hence relief in its favor was denied. Furthermore, on a cross bill filed by the board of trade, an injunction was issued depriving the complainant of such reports upon the ground that they were so used as to affect injuriously the business of the board and the value of its property right in the reports, although at the same time holding that such relief could not be granted upon the fact alone that the commission company was engaged in illegal or immoral acts. Whether the relief would have been granted on an original bill filed for the purpose, independent of the jurisdiction acquired by the filing of the complainant's bill, is not there determined. The answers of the defendants, among other matters, set up in substance the right of the public to these market reports "as part of the general news and information of the day,"—a contention which is not tenable, if the rule prevails as held in the authorities cited. Other matters are put in issue, however, by the answer and affidavits on behalf of the defendants which call for the hearing of proofs before the drastic remedy of an injunction can be invoked. The allegations of the bill, both as to the nature of the business carried on by the several defendants and as to their representations respecting the market reports received by them, are expressly denied. The source from which their market reports are derived is not disclosed, except in the instance of the defendants represented by Mr. Rogers; and in that instance the Central Stock and Grain Exchange is named as furnishing the reports, with an affidavit and allegations which tend to show an unrestricted publication of such market reports, aside from its effect by way of particular defense for that defendant. As such allegations are introduced as well on behalf of the other defendants for the purposes of this motion, both the issue of fact and its effect upon the property right asserted by the complainant must be left for determination when the proofs are submitted. Moreover, the other defendants expressly deny that their reports are obtained surreptitiously, and aver that they are transmitted to them after their public posting in the various places in Chicago upon blackboards and otherwise, to the extent of making them public property. As the right of property asserted on behalf of the complainant subsists only until publication,—and from the nature of the trans-

actions this period is necessarily one of minutes, rather than of hours, —I am of opinion that an issue is raised in that regard which can be determined only when the proofs are taken, and cannot be prejudged on this motion for preliminary injunction. Equity will search out the true intent of transactions involved within its cognizance; will brush aside subterfuges, and administer relief as the right of the parties shall appear, after fair hearing; but its strong arm of injunction will be employed only when the proof is indubitable both of the right and of the need for its exercise. The motion is therefore denied.

Upon the hearing a question of jurisdiction was suggested, and briefs submitted thereupon. My impressions are that the bill states sufficient grounds for jurisdiction, under the authorities, and the objection is overruled at this stage, subject to reconsideration if it shall arise later.